UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 13 2008

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Kevin D. West ) <br> 831 Chatsworth Drive ) <br> Accokeek, MD 20607 ) <br> (301) 292-7080 ) <br>     Plaintiff ) <br>     v. ) <br> John E. Potter ) <br> Postmaster General, U.S. Postal Service ) <br> 475 L'Enfant Plaza S.W. ) <br> Washington, D.C. 20260 ) <br>     Defendant ) <br>                            ) | Civil Complaint Case No. <br><br> Case: 1:08-cv-01018 <br> Assigned To : Robertson, James <br> Assign. Date : 6/13/2008 <br> Description: Employ. Discrim. <br><br> *JURY ACTION* |

## COMPLAINT

NOW COMES Kevin D. West (African American), Plaintiff Pro Se, is filing this complaint against John E. Potter, Postmaster General of the United States Postal Service, Defendant, on the grounds of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. In support thereof, Plaintiff states as follows:

1. Jurisdiction is proper in this Court as this action presents a federal question arising under Title VII of the Civil Rights Act of 1964. See 28 U.S.C. § 1331.

2. Plaintiff exhausted all administrative remedies prior to filing this Complaint. See Exhibit 1, *Final Agency Decision* dated March 10, 2008 (received March 17, 2008), EEO Case #4K-200-0169-07.

3. Plaintiff is a member of a protected class, to wit, he is an African American.

1

4. Plaintiff was subjected to an adverse employment action, to wit: he was denied upward mobility opportunities and details to the positions of Acting Supervisor or 204B at Largo and Riverdale Vehicle Maintenance Facility (VMF) facilities.

5. Other management officials acting as agents of the Defendant that denied Plaintiff were David Cook, Caucasian, Manager VMF Southern MD, Franklin Green, African American, Supervisor Riverdale VMF, and Joseph King, Caucasian, Manager VMF.

6. Other individuals, Chris Simmons, African American, similarly situated with Plaintiff, was not subjected to the same adverse employment action for training and upward mobility opportunities to include details as Acting Supervisor or 204B.

7. Defendant is liable to Mr. West for the acts committed against him by Defendant's agents, David Cook, Manager VMF Southern MD, Franklin Greene, Supervisor VMF, and Joseph King, Manager VMF.

8. Defendant treated Mr. West differently than other similarly situated individual based on Mr. West's race.

9. Defendant, through the actions of David Cook, Caucasian, Manager VMF Southern MD, Franklin Green, African American, Supervisor Riverdale VMF, and Joseph King, Caucasian, Manager VMF committed acts of retaliation against Mr. West in violation of Mr. West's civil rights, to wit: Managers and Supervisor denied him training, upward mobility opportunities and details on June 21, 2007 through July 9, 2007, and July

20, 2007 through August 6, 2007, as Acting Supervisor of Riverdale VMF. Whereas USPS management gave these opportunities to Mr. Simmons, a less senior and qualified individual than Mr. West.

10. Mr. West previously engaged in protected activity on April 19, 1999, July 13, 2002, and October 9, 2003, by filing a formal equal employment opportunity complaint. Additionally, he filed EEOC Case 120-204-00080X and EEO Case# 4K-200-0235-03.

11. Mr. West recently was awarded a guilty verdict for retaliation in Civil Action case no. 05-1339 (JR), on March 14, 2008 in U.S. District Court for the District of Columbia against the U.S. Postal Service.

12. Defendant's actions against Plaintiff occurred in enough proximity of time to the protected activity that a retaliatory motive may be inferred under the facts and circumstances.

13. Defendant's actions of racial discrimination and retaliation have caused Mr. West extreme emotional distress and anguish.

14. Defendant's actions of racial discrimination and retaliation have caused Mr. West economic injury, including, among other things, attorney fees, Acting Supervisor back pay from Jan.2007 through Nov.8,2007 and overtime. Defendant's actions against Plaintiff are malicious, pervasive and severe.

15. WHEREFORE, Plaintiff requests that this Honorable Court:
   a. Grant Plaintiff a trial by jury;

b.  Award Mr. West Three Hundred Thousand Dollars and Zero Cents ($300,000) in compensatory damages for each instance of racial discrimination and for each instance of retaliation;

c.  Award Mr. West One Million Dollars and Zero Cents ($1,000,000.00) in punitive damages;

d.  Award Mr. West attorneys fees and related costs of litigation; and

e.  Grant Mr. West such other and further relief as the nature of his cause and the interests of justice may require.

Respectfully submitted,

*Kevin D. West* (signature)

Kevin D. West,
831 Chatsworth Drive
Accokeek, MD 20607
(301) 292-7080

4

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

Kevin D. West
Complainant

Agency Case No.   4K-200-0169-07

v.

Formal Filed:   August 20, 2007

John E. Potter,
Postmaster General,
c/o Capitol Metro Area Operations
Respondent.

## FINAL AGENCY DECISION

This is the final agency decision of the U.S. Postal Service regarding your complaint of discrimination identified above. In that complaint, you alleged discrimination based on Race (African American) and Retaliation (Prior EEO Activity) when on June 21, 2007, you were made aware that you would not be granted an upward mobility opportunity (detail) as a 204-B Supervisor.

## CASE CHRONOLOGY

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was transmitted to you on December 24, 2007. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing. As you failed to request either a hearing or a final agency decision without a hearing, this decision is being issued in accordance with EEOC Regulation 29 C.F.R. 1614.110(b).

## APPLICABLE LAW

**Disparate Treatment**

**FILED**

08 1018   JUN 13 2008

Clerk, U.S. District and Bankruptcy Courts

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), and subsequently refined that analysis in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). The

EXHIBIT #1

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 2

McDonnell Douglas and Burdine approach involves a three-step process when a complainant alleges intentional discrimination based on a disparate treatment theory. The Equal Employment Opportunity Commission has adopted this approach in its decision making. Downing v. U.S. Postal Service, EEOC Appeal No. 01822326 (September 19, 1983); Jennings v. U.S. Postal Service, EEOC Appeal No. 01932793 (April 13, 1994); and Saenz v. Department of the Navy, EEOC Request No. 05950927 (January 9, 1998). A complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish a *prima facie* case of discrimination for each of the bases of discrimination alleged by a preponderance of the evidence. Furnco, 438 U.S. at 576.

Although a complainant may establish a *prima facie* case by presenting direct evidence of discrimination, the more frequent method of establishing a *prima facie* case is through circumstantial evidence by showing that he or she (1) belongs to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. Mayberry v. Vought Aircraft Company, 55 F.3d 1086, at 1090 (5th Cir. 1995); Mitchell v. Toledo Hospital, 964 F.2d 577, at 582-83 (6th Cir. 1992). The failure to establish a specific element of a *prima facie* case may be overcome by presenting evidence of agency actions from which an inference of discrimination could be drawn if they remained unexplained. Day v. Postmaster General, EEOC Appeal No. 01996097 (September 18, 2000).

Once a *prima facie* case has been established, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. Furnco, 438 U.S. at 578. See also St. Mary's Honor Center v. Hicks, 509 U.S. 502, at 506 (1993). The employer need not persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. Burdine, 450 U.S. at 254; Keval v. Commodity Futures Trading Commission, EEOC Appeal No. 01832127 (November 2, 1984); Hollis v. Department of Veterans' Affairs, EEOC Appeal No. 01934600 (May 3, 1994). If the agency offers no adequate explanation for the discrepancy in treatment between the complainant and similarly situated employees, the agency does not carry its burden of production and the complainant prevails on the basis of the inference of discrimination created by the *prima facie* case. Frady v. Postmaster General, EEOC Appeal No. 01A05317 (January 10, 2003); Houston v. Department of Veterans' Affairs, EEOC Appeal No. 01976054 (August 27, 1999); and Parker v. Postmaster General, EEOC Request No. 05900110 (April 30, 1990).

If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." Hicks, *supra*,

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 3

509 U.S. at 507; United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, at 715 (1983). See also Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990) and Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretext for discrimination. Hicks, 509 U.S. at 507 and 516; Nichols v. Grocer, 138 F.3d 563, at 566 (5th Cir. 1998); Swanson v. General Services Administration, 110 F.3d 1180, at 1185 (5th Cir. 1997). See also Papas v. Postmaster General, EEOC Appeal No. 01923753 (March 17, 1994) and Bradford v. Department of Defense, EEOC Appeal No. 01940712 (September 20, 1994). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. Southard v. Texas Board of Criminal Justice, 114 F.3d 539, at 555 (5th Cir. 1997); Lyles v. U.S. Postal Service, EEOC Appeal No. 01A11110 (May 22, 2002); and Nathan v. U.S. Postal Service, EEOC Appeal No. 01995788 (August 29, 2001). Pretext involves more than a mistake. It means that the reason offered by management is factually baseless, is not the actual motivation for the action, or is insufficient to motivate the action. Tincher v. Wal-Mart Stores, Inc., 118 F.3d 1125, at 1130 (7th Cir. 1997) and Morgan v. Hilti, Inc., 108 F.3d 1319, at 1323 (10th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." Burdine, 450 U.S. at 254 and Hicks, 509 U.S. at 511.

At all times, the ultimate burden of persuasion remains with the complainant. Board of Trustees of Keene College v. Sweeney, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in St. Mary's Honor Center v. Hicks, Id. In Hicks, the Court held that in order to impose liability upon an employer for discriminatory employment practices, an ultimate finding of unlawful discrimination is required regardless of whether or not the employer's explanation for its action was believable. See also Brewer v. Postmaster General, EEOC Appeal No. 01941786 (June 21, 1994) and Montoya v. Department of Housing and Urban Development, EEOC Appeal No. 01940999 (August 4, 1994).

**Similarly Situated Employees**

One of the key elements of a *prima facie* case of disparate treatment based on an adverse employment action is proof that similarly situated comparison employees not in the complainant's protected class were treated more favorably. This is so, in part, because agencies are not monolithic entities. Turner v. Department of the Navy, EEOC Request No. 05900445 (September 25, 1990). In general, in the absence of direct evidence of discrimination, if the complainant cannot identify any similarly situated comparison employees who were treated more favorably, he or she will not prevail. Aguilar v. U.S. Postal Service, EEOC Appeal No. 01944167 (August 8, 1995). In order for two or more employees to

be considered similarly situated for the purpose of creating an inference of disparate treatment, a complainant must show that all of the relevant aspects of his or her employment situation are virtually identical to those of the other employees who he or she alleges were treated more favorably. Smith v. Monsanto Chemical Company, 770 F. 2d 719, at 723 (8th Cir. 1985); Murray v. Thistledown Racing Club, Inc., 770 F. 2d 63, at 68 (6th Cir. 1985); Nix v. WLCY Radio/Rahall Communications, 738 F. 2d 1181, at 1185 (11th Cir. 1984); Mazzella v. RCA Global Communications, Inc., 642 F. Supp. 1531, at 1547 (S.D. N.Y. 1986), aff'd. 814 F. 2d 653 (2nd Cir. 1987). The Equal Employment Opportunity Commission has on numerous occasions ruled in similar fashion. See, for example, Tolar v. U.S. Postal Service, EEOC Appeal No. 01965083 (December 16, 1998), citing O'Neal v. U.S. Postal Service, EEOC Request No. 05910490 (July 23, 1991); and Knapp-Huffman v. Attorney General (Bureau of Prisons), EEOC Appeal No. 01991026 (January 16, 2002). If employees have different supervisors, perform different job functions, were subject to different job standards, engaged in different conduct, or worked during different time periods, they are not similarly situated. O'Neal, Id.; Allen v. Department of the Navy, EEOC Appeal No. 05900539 (June 15, 1990); Willis v. Department of the Treasury, EEOC Appeal No. 01A51459 (March 16, 2003); and Stewart v. Department of Defense, EEOC Appeal No. 01A02890 (June 27, 2001).

**Retaliation**

To establish a *prima facie* case based on reprisal, a complainant must show that (1) he or she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he or she was subsequently disadvantaged by an adverse employment action or adverse treatment; and (4) there is a causal link between the protected activity and adverse action/treatment. Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318, 324 (D. Mass), aff'd 545 F.2d 222 (1st Cir. 1976); Manoharan v. Columbia University College of Physicians and Surgeons, 842 F. 2d 590, 593 (2nd Cir. 1988); Coffman v. Department of Veterans' Affairs, EEOC Request No. 05960437 (November 20, 1997); and Whitmire v. Department of the Air Force, EEOC Appeal No. 01A00340 (September 25, 2000). A complainant may establish prior EEO activity by participating at any stage of the EEO process or opposing unlawful discriminatory conduct. See, generally, Lewis v. Department of the Navy, EEOC Appeal No. 01810158 (May 22, 1981) (counseling stage); Ballard v. Postmaster General, EEOC Appeal No. 01923276 (August 17, 1992) (witness); and Burrough v. U.S. Postal Service, EEOC Appeal No. 01842417 (June 24, 1986) (representative). A complainant may also establish a *prima facie* case by presenting evidence which, unexplained, would reasonably give rise to an inference of reprisal. Shapiro v. Social Security Administration, EEOC Request No. 05960403 (December 6, 1996). Obviously, the complainant must offer evidence that the agency officials who took the action were aware of his or her

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 5

prior participation or opposition activity (Demeier v. Department of the Air Force, EEOC Appeal No. 01A11166 (May 23, 2002)) but establishing that alone will not enable a complainant to establish the causal connection element of a *prima facie* case. Garcia-Gannon v. Department of the Air Force, EEOC Appeal No. 01821195 (June 30, 1983). Adverse actions need not be ultimate employment actions, just adverse treatment based on a retaliatory motive. Burlington Northern Santa Fe Railway Company v. White, 126 S. Ct. 2405 (2006); and Lindsey v. U.S. Postal Service, EEOC Request No. 05980410 (November 4, 1999).

The causal connection may be inferred by evidence that the protected conduct was closely followed by the adverse action. Clark County School District v. Breeden, 532 U.S. 286 (2001). The Court in Breeden noted that where a complainant is relying on temporal proximity to establish a causal connection between prior protected activity and a current adverse employment action, that proximity must be "very close" and cited with approval Circuit Court of Appeals decisions holding that time gaps of three to four months between an individual's prior EEO activity and the current adverse employment action were too attenuated to suggest an inference of retaliation. The Commission has followed suit and rendered decisions establishing much shorter time frames to establish the requisite temporal proximity. See, for example, Heads v. U.S. Postal Service, EEOC Appeal No. 01A51547 (June 2, 2005); Archibald v. Department of Housing and Urban Development, EEOC Appeal No. 01A54280 (September 22, 2005); and Lynch v. U.S. Postal Service, EEOC Appeal No. 01A24705 (August 14, 2003). To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), p. 8-16.

Any harassment of an employee that would not occur but for the employee's previous EEO activity may violate Title VII if sufficiently patterned or pervasive. McKinney v. Dole, 765 F.2d 1129, 1138 (D.C. Cir. 1985). See also Patrick v. Postmaster General. EEOC Appeal No. 01A05642 (November 28, 2000). For harassment to be considered retaliatory conduct in violation of Title VII, it must be sufficiently pervasive or severe as to create a hostile work environment which significantly and adversely affects the emotional or psychological well-being of the employee, and must somehow be connected to that employee's previous EEO activity. See Hicks v. Gates Rubber Company, 833 F.2d 1406, at 1412-1413 (10th Cir. 1987); Gilbert V. City of Little Rock, 722 F.2d 1390, at 1394 (8th Cir. 1983); Henson v. City of Dundee, 682 F.2d 897, at 904 (11th Cir. 1982); Bundy v. Jackson, 641 F.2d 934, at 943-944 (DF.C. Cir. 1981); Rogers v. EEOC, 454 F.2d 234, at 238 (5th Cir. 1971).

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 6

## PROCEDURAL AND FACTUAL BACKGROUND

At all times relevant to the issue(s) in this complaint, you were employed as an Automotive Technician at the Riverdale, Maryland Vehicle Maintenance Facility (VMF). (Investigative File [IF], Affidavit [AF] A, page [pg.] 2). You have alleged that your Supervisor, VMF Franklin Greene, Race (African American) and Manager, VMF David Cook, Race (Caucasian) intentionally discriminated against you because of your Race (African American) and Retaliation (Prior EEO Activity) when on June 21, 2007, you were made aware that you would not be granted an upward mobility opportunity (detail) as a 204-B Supervisor. (IF, AF A, pg. 2).

You testified that you filed several EEO complaints, including the most recent case of 4K-200-0131-06. You gave several other examples of your having engaged in prior EEO activity. (IF, AF A, pg. 2). Record evidence revealed you have filed 24 EEO complaints including the current case. You testified that EEO cases 4K-200-0235-03 and 4K-200-0099-05 are pending in District Court. (IF, AF A, pg. 2; also see Exhibit [EX] 2).

You stated that on June 19, 2007, Mr. Green informed you that beginning June 21, 2007 he would be absent while undergoing surgery. According to you, Mr. Greene recommended you to Mr. Cook to serve as acting supervisor in his absence. You learned that Mr. Cook decided not to detail you to the supervisory position in Mr. Greene's absence. Instead, Mr. Cook decided to give the assignment to Mr. Chris Simmons, Race (African American). (IF, AF A, pg. 2). You contended that Mr. Simmons had less seniority than you and was less qualified. You testified you were denied the detail opportunity because of your prior EEO activity. (IF, AF A, pg. 2).

You indicated that on July 19, 2007, Mr. Greene notified you that he was going on vacation and that he had again referred you to Mr. Cook to serve as an acting Supervisor in his absence. You testified that Mr. Cook again chose Mr. Simmons instead of you. You indicated that Mr. Cook had not considered you for any upward mobility opportunities. (IF, AF A, pg. 2).

In a letter dated May 10, 1999, you asked Mr. Cook for specific training that you had not received since 1992 and you requested training as an Acting Lead Mechanic and an Acting VMF Supervisor. (IF, EX 6, pg. 1).

A review of PS Forms 1723, Assignment Orders, revealed that you served as a Lead Automotive Technician from June 26, 2006, to June 30, 2006. You were again detailed as a Lead Automotive Technician from July 6, 2006, to July 8, 2006. Mr. Cook signed both PS Forms 1723. (IF, EX 3). Prior to these detail

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 7

assignments, you were detailed as an automotive lead technician from December 23, 2002 to January 3, 2003. (IF, AF C, pg. 8).

A review of PS Forms 1723, Assignment Orders, for Chris Simmons, indicated he served as Acting Supervisor, VMF at the Largo 1 VMF from June 11 through June 15, 2007, and as Acting Supervisor at the Riverdale VMF from June 21 – July 9, 2007, and again from July 20 through August 6, 2007.

In February 2001, Mr. Timothy Currie, Manager, Vehicle Maintenance for the Capital District in Washington, DC, posted a memorandum to all Capital District Vehicle Maintenance Facility Employees interested in upward mobility inviting them to apply for an in-house training program to consist of eight weeks on the job training and classroom training. (IF, EX 7, pg. 1). You responded to the memorandum with correspondence to Mr. Currie on March 8, 2001, expressing your desire for the classroom training that the program offered and all of the Oklahoma training courses that you had previously requested. You also requested detail opportunities as an acting supervisor in the absence of supervisors at Largo I, Largo II, and Riverdale VMFs.

Handbook EL-312, Employment and Placement, Section 716.12 which governs the policy for temporarily filling nonbargaining positions when a career employee is temporarily absent states, "a. Temporary assignments to nonbargaining positions are made only for the shortest practical time limits and may be used to meet emergencies caused by abnormal workload, a change in mission or organization, or unanticipated absences...c. The appointing official or designee may temporarily assign any qualified employee to meet service needs". (IF, EX 9, pg. 2).

## COMPLAINANT'S *PRIMA FACIE* CASE

Race Claim

In order to assert a claim of "disparate treatment" discrimination, you must first demonstrate that there is some substance to your claim. A proper analysis of the facts of your case must begin with the McDonnell Douglas framework. You may establish a *prima facie* case of discrimination with circumstantial evidence by showing that you: (1) belong to a protected class; (2) were subjected to an adverse employment action; and (3) were treated differently in this regard than similarly situated individuals who were not members of the protected group.

As an African American, you have established membership in the protected group of race. Therefore, you have met the first prong of a *prima facie* case of discrimination based on that prohibited factors. (IF, AF A, pg. 1).

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 8

You have met your requirement under prong (2) in that you were not granted a detail opportunity to act as Supervisor VMF in your Supervisor's absences. (IF, AF A, pg. 1; see also AF B, pg. 1-2).

Regarding prong (3), you identified Chris Simmons as your comparator (IF, AF A, pg. 2). However, you cannot prevail under this prong of your claim because you and Mr. Simmons are members of the same protected group. Therefore, you are unable to establish your *prima facie* claim with respect to race.

Retaliation Claim

To establish a *prima facie* case based on reprisal, you must show that (1) you engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) you were subsequently disadvantaged by an adverse employment action or adverse treatment; and (4) there was a causal link between the protected activity and adverse action/treatment. Hochstadt v. Worcester Foundation for Experimental Biology, Inc, *supra*.

There is evidence of your prior participation in protected activity. You testified that you currently have two prior EEO cases, 4K-200-0131-06 and 4K-200-0099-05 pending in District Court. (IF, AF A, pg. 1 and EX 2). Although there is insufficient documentary evidence to corroborate your testimony that you have EEO matters pending in District Court, for purposes of this complaint, I presume such is the case. This establishes your prong (1) requirement.

Both respondent management officials testified that they had knowledge of your prior EEO activity and the record established that Mr. Cook was named as the management respondent in both cases pending before the Court. (IF, AF A, pg. 1; AF B, pg. 1; and AF C, pg. 1). Therefore, you have established your second prong. Further, the fact that you were not given a detail to the position of Acting Supervisor VMF during your Supervisor's absences in June and July 2007 is sufficient to satisfy your burden under prong (3).

In Clark County School District v. Breeden, 2002 WL 402573 (SCT 2001), the U.S. Supreme Court held that to establish nexus, the temporal proximity must be "very close," citing O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (CA 10 2001); Richmond v. Oneok, *Inc.*, 120 F.3d 205, 209 (CA 10 1997)(3-month period insufficient); Hughes V. Derwinski, 967 F.2d 1168, 1174-1175 (CA 7 1992)(4-month period insufficient). Thus, your current lawsuit involving two previous EEO matters and your pursuit in this matter are sufficient evidence of a causal link between your protected activity and the denial of your opportunity for a detail. Therefore, your prong (4) claim has been established.

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 9

Based on the foregoing, you did not establish a *prima facie* case of discrimination based of race. However, you did establish a *prima facie* claim of discrimination based on retaliation.

## MANAGEMENT'S LEGITIMATE NON-DISCRIMINATORY REASON

Mr. Green testified that, as his Automotive Technician, you assisted him in running the Shop desk. He stated that you rarely needed assistance handling matters that arose. Therefore, when he scheduled absences in June and July 2007, he told Mr. Cook that he recommended you to replace him in his absence. He indicated that he informed Mr. Cook that you had done an excellent job of running the desk and that you had proven yourself to be the best qualified. Mr. Greene testified that at some point before his absence began, he learned from Mr. Cook that Mr. Simmons would be his replacement instead of you. Mr. Greene stated that when he became aware of Mr. Cook's choice, he asked for your usual cooperation and support to which you stated, 'no problem'. After returning from his absences, Mr. Greene learned from Mr. Simmons that you had done an excellent job of running the shop. (IF, AF B, pg. 1-5).

Mr. Cook testified that he selected Mr. Simmons because of his experience as an acting supervisor. He stated that having prior experience in the role of Acting VMF Supervisor was the criterion he used in deciding who to place in Mr. Greene's position during his absences. He also stated that he selected employees who had exhibited the knowledge and skills to perform successfully. He stated that rules, policies, or contract provisions do not govern detail assignments; they are management decisions. (IF, AF C, pg. 1-4).

Mr. Cook indicated that you have had previous opportunities for higher level assignments as well. He provided documentation, which shows that you received at least three details for higher level assignments to the position of acting Lead Automotive Mechanic. (IF, AF A, pg. 8 and EX 3). Further, Mr. Cook responded to your February 23, 2006, request for a higher level detail to vacancies at the Riverdale VMF. He stated that in 2001 you declined to fully participate for a higher level non-bargaining training position and, since that time, he had not received a request from you for training or a detail to a higher level non-bargaining position. Further, he indicated that, in the future, he would post a notice inviting all interested employees to submit applications for consideration of future EAS higher level training/assignments. Mr. Cook urged you to apply for consideration when the opportunity presents itself. (IF, AF C, pg. 9).

Both Mr. Greene and Mr. Cook testified that their roles in your non-selection for a detail to the Acting Supervisor VMF position on the occasions identified in this complaint were not based on your race or your prior participation in prohibited activity. (IF, AF B, pg. 3 and AF C, pg. 3). As Mr. Cook indicated, he exercised

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 10

his discretionary prerogative to detail the person with prior experience in the job, who had demonstrated the skills and knowledge needed to perform it.

## PRETEXT

Having thus articulated the agency's legitimate, facially non-discriminatory explanation, all presumptions of discrimination now drop from the case. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 125 L.Ed. 407, 113 S.Ct. 2742 (1993). The burden shifts to you to prove by a preponderance of the evidence that the agency's proffered reasons were merely a pretext for discrimination.

Pretext may be demonstrated by showing "such weaknesses, impossibilities, inconsistencies, incoherencies, or contradictions in the agency's proffered reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence and then infer that the employer did not act for the asserted non-discriminatory reason. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997).

However, you did not show this to be the case. You failed to provide any testimony that indicates that the Agency's legitimate nondiscriminatory reasons were pretext for unlawful employment discrimination. As you failed to prove that the Agency's stated reasons were pretext for unlawful discrimination, you cannot carry your ultimate burden of persuasion that the Agency intentionally discriminated against you. Janak v. United States Postal Serv., EEOC Appeal No. 01965533, 1998 WL 335756, at *2 (June 11, 1998) (belief that discrimination has occurred, without any factual support, is insufficient to allow Complainant to meet her ultimate burden of proving discrimination by a preponderance of the evidence).

A review of the record indicated that you offered nothing more than rank speculations and conclusory allegations. These efforts are insufficient in order to establish pretext. Morgan, supra. Your self-serving, improbable speculation and conclusions did not support any finding that you carried your burden. See Medina-Munoz v. R.J. Reynolds, 896 F.2d 5 (1st Cir. 1990); Jones v. Gerwens, 874 F.2d 1534 (11th Cir. 1989).

## CONCLUSION

After carefully considering the entire record, and applying the legal standards outlined in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973); and Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318 (D.Mass), aff'd 545 F .2d 222 (1st Cir. 1976), the evidence does not support a finding that you were subjected to discrimination as alleged. Consequently, your case is now closed with a finding of no discrimination.

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 11

## APPEAL TO EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use EECO Appeal Form 573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO – FAD, USPS, P. O. Box 21979, Tampa, FL 33622-1979. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Alternatively, if you are dissatisfied with the Postal Service's decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be styled **Kevin D. West v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

Sally A. Trant
EEO Services Analyst
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979

Date: March 10, 2008

**Enclosure:** EEOC Appeal Form 573

cc:

Final Agency Decision
Kevin D. West
4K-200-0169-07
Page 12


<u>Complainant</u>
Kevin D. West
831 Chatsworth Drive
Accokeek, MD 20607-2032
       **Delivery Confirmation No. 0307 3330 0000 0863 2516**

District Manager, Human Resources
Capital District
900 Brentwood Road NE
Washington, DC 20066-5319

Regional Manager, EEO Compliance and Appeals
Capital Metro Area
22520 Randolph Drive
Sterling, VA 20166-9192

JS-44
(Rev.1/05 DC)

08-1018
JR

## I (a) PLAINTIFFS
KEVIN D. WEST
831 CHATSWORTH DR
ACCOKEEK MD 20607

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
JOHN E. POTTER
USPS. POSTMASTER GENERAL
475 L'ENFANT PLAZA SW
WASH. DC. 20260

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PRO SE   301.292.7080

Case: 1:08-cv-01018
Assigned To : Robertson, James
Assign. Date : 6/13/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

3

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000 Title VII

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ 1,000,000.00  Check YES only if demanded in complaint JURY DEMAND ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) 05-1339 (JR)  ☒ YES  ☐ NO  If yes, please complete related case form.

DATE 6/13/08  SIGNATURE OF ATTORNEY OF RECORD  *Kevin W. West*  PRO SE

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\Forms\js-44.wpd